IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

                                  OPINION AND ORDER

             Plaintiff,

   v.

                                    08-cr-103-bbc

MATTHEW YANCEY,

             Defendant.

_____

The grand jury has charged defendant Matthew Yancey with knowing and unlawful possession of a firearm as an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3). Yancey has filed a motion to dismiss the indictment against him on the ground that the charge is unconstitutional.

Defendant is one of many charged or convicted persons who believe that the United States Supreme Court's decision in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), means that no one in possession of a firearm can be convicted of a crime, whatever the status of the person possessing it. Defendant is wrong. As this court noted recently, *Heller* stands only for the proposition that the District of Columbia cannot constitutionally ban handgun possession in the home for use in self-defense by persons not otherwise prohibited from gun possession. *United States v. Kilgore*, 2008 WL 4058020 (W.D. Wis. Aug. 26, 2008).

*Heller* did not address a state's right to impose restrictions on handgun possession. Indeed, the Court said explicitly that its opinion was not intended to suggest that *all* gun laws and firearms restrictions are unconstitutional. *Id.*, at 2816-17 ("[N]othing in our

opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ). As this court held recently in affirming the constitutionality of 18 U.S.C. § 922(g)(1), which criminalizes firearm possession by felons, *Heller* did not make the firearm restrictions of 18 U.S.C. § 922(g) constitutionally suspect. Instead, this statute contains just the sort of longstanding prohibitions on firearm possession that *Heller* allowed. *Kilgore,* 2008 WL 4058020.

Since *Heller* was decided, no court has found the firearm restrictions in 18 U.S.C. § 922 to be unconstitutional, even under an individual rights interpretation of the Second Amendment. Instead, courts have repeatedly affirmed the constitutionality of the statute's prohibition of firearm possession by felons, E.g., *Kilgore*, 2008 WL 4058020; *United States v. Robinson*, 2008 WL 2937742 (E.D. Wis. July 23, 2008); *U.S. v. Brunson*, 2008 WL 4180057 (4th Cir. Sept. 11, 2008); *United States v. Irish*, 2008 WL 2917818 (8th Cir. July 31, 2008); *United States v. Gilbert*, 2008 WL 2740453 (9th Cir. July 15, 2008)); persons convicted of domestic violence offenses (*United States v. Booker,* 2008 WL 3411793 (D. Maine Aug. 11, 2008); *United States v. White*, 2008 WL 3211298 (S.D. Ala. Aug. 6, 2008)); and illegal aliens (*United States v. Boffil-Rivera*, No. 08-20437(S.D. Fla. Aug. 12, 2008)). Although to my knowledge no court has confronted the provision defendant challenges, which prohibits firearm possession by an unlawful user of a controlled substance, the provision's constitutionality is not suspect. Rather, it is another example of a longstanding prohibition on firearm possession that *Heller* permits.

2

If the government proves, as it has charged, that defendant is an unlawful user of a controlled substance and that he was in knowing possession of a firearm, a jury could find defendant guilty of violating 18 U.S.C. § 922(g)(3). Such a conviction would not violate the Second Amendment to the United States Constitution. Nothing in *Heller* restricts the federal government from criminalizing the possession of firearms by unlawful users of controlled substances.

ORDER

IT IS ORDERED that defendant Matthew Yancey's motion to dismiss the indictment against him is DENIED.

Entered this 3rd day of October, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge