IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,                               ORDER

           v.                                    08-cr-103-bbc-01

MATTHEW YANCEY,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Matthew Yancey's supervised release was held on October 7, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Meredith Duchemin. Defendant was present in person and by counsel, Associate Federal Defender Erica L. Bierma. Also present was Senior U.S. Probation Officer Helen Healy Raatz.

From the record and defendant's stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on January 7, 2009, following his conviction for unlawful possession of a firearm and ammunition by a marijuana user, in violation of 18 U.S.C. § 922(g)(3). This offense is a Class C felony. Defendant was

committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 21 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on July 16, 2010.  On September 8, 2010, defendant's release conditions were modified to include a special condition requiring a placement for up to 180 days in a residential reentry center.

On August 5, 2010, defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime, when he was cited by Fitchburg, Wisconsin police for underage drinking.  On September 16, 2010, he violated this condition again when he resisted arrest, attempted to escape arrest and criminally damaged property. New criminal charges have not been filed for this activity.  Defendant violated Standard Condition No. 2, requiring him to report to the probation officer as directed and submit a truthful and complete written report within the first five days of each month, when he failed to submit monthly report forms for July and August 2010.  Defendant violated Special Condition No. 5, requiring him to abstain from the use of illegal drugs as evidenced by positive urine specimens he submitted on July 19, July 26, August 3, August 9, September 2, September 7 and September 14, 2010.  Defendant violated Special Condition No. 6, requiring him to spend up to 180 days in a residential reentry center, when he was discharged from Schwert House two days after entering the program.

Defendant's violations include conduct that falls into the category of a Grade C

2

violation.  18 U.S.C. § 3583(g)(1) and (4) require revocation of supervised release for possession of a controlled substance and for conduct resulting in more than three positive drug tests within one year.

## CONCLUSIONS

Defendant's violations require revocation.  Defendant's criminal history category is III.  With a Grade C violation, defendant has an advisory guideline term of imprisonment of 5 to 11 months.  The statutory maximum to which defendant can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range.  The intent of this sentence is to hold defendant accountable for his violations and to protect the community.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Matthew Yancey on January 7, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 11 months, with a 24-month term of

supervised release to follow.  All standard and special conditions previously imposed are reinstated with the exception of Special Condition No. 6, which will be modified to require a residential reentry center placement "to begin upon the commencement of defendant's term of supervised release."

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 7th day of October 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge